## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

**CARL L. BLACK,** Administrator of the
Estate of Susan B. Black,

                 *Plaintiff,*

    vs.

**REEM INC., SBWAY LOGISTICS INC.,**
and **MOHAMMAD ALKHATIB**,

                 *Defendants.*

CASE NO. _____

## COMPLAINT AND JURY DEMAND

Plaintiff Carl L. Black, Administrator of the Estate of Susan B. Black, by and through his attorneys, FITZSIMMONS LAW FIRM PLLC, upon information and belief, states and alleges as follows for his Complaint against Defendants REEM Inc., SBWAY Logistics Inc., and Mohammad Alkhatib (hereinafter collectively "Defendants"):

## VENUE AND JURISDICTION

1.    Federal jurisdiction in this action is predicated upon diversity of citizenship under statutory authority of 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.    For purposes of diversity under 28 U.S.C. § 1332, Plaintiff is a citizen of West Virginia and all Defendants are citizens of Illinois.

3.    Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this action occurred in Belmont County, Ohio which is within this Court's judicial district.

4.    This Court has personal jurisdiction over each of these Defendants in that, at all times material herein, Defendants transacted business in the State of Ohio and committed acts

and/or omissions in and/or outside Ohio which caused tortious injury to Plaintiff and Plaintiff's decedent in Belmont County, Ohio, which is within this Court's district and jurisdiction.

## PARTIES

5.     Plaintiff Carl Black (hereinafter "Plaintiff" or "Mr. Black") is the surviving spouse of Susan Black. Plaintiff is a resident and citizen of Ohio County, West Virginia and was appointed Administrator of the Estate of Susan Black by the Clerk of the Court of Ohio County, West Virginia on December 4, 2019. (A copy of Plaintiff's "Letter of Administration" is attached hereto as **Exhibit A** and is incorporated herein by reference.)

6.     Defendant REEM Inc. (hereinafter "REEM") is an Illinois company with its principal place of business at 9429 Sumac Rd., Apt. D, Des Plaines, Illinois. At all times material herein, Defendant REEM is and was a commercial motor carrier, U.S. DOT #3192884 and MC/MX # 137815, and was transacting business in the State of Ohio. Defendant REEM's registered agent for service of process is Hasan S. Alkhatib, 9429 Sumac Rd., Apt. D, Des Plaines, Illinois 60016.

7.     Defendant REEM includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, its predecessors, successors, and assigns, and its present officers, directors, employees, agents, representatives, and any other person acting on its behalf.

8.     Upon information and belief, in committing the acts alleged herein, each and every managing agent, agent, representative, and/or employee of Defendant REEM was working within the course and scope of said agency, representation, and/or employment, and said acts were authorized, ordered, done, and/or ratified by Defendant REEM's directors, officers, agents,

employees, or representatives while engaged in the management, direction, control, or transaction of Defendant REEM's business affairs.

9.     Defendant SBWAY Logistics Inc. (hereinafter "SBWAY") is an Illinois company with its principal place of business at 147 Enclave Cir., Unit C, Bolingbrook, IL. At all times material herein, Defendant SBWAY is and was a commercial motor carrier, U.S. DOT # 2819899 and MC/MX # 940162, and was transacting business in the State of Ohio. Defendant SBWAY's registered agent for service of process is Inga Mihai, 420 E. Circle Hill Drive, #207, Arlington Heights, Illinois 60004.

10.     Defendant SBWAY includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, its predecessors, successors, and assigns, and its present officers, directors, employees, agents, representatives, and any other person acting on its behalf.

11.     Upon information and belief, in committing the acts alleged herein, each and every managing agent, agent, representative, and/or employee of Defendant SBWAY was working within the course and scope of said agency, representation, and/or employment, and said acts were authorized, ordered, done, and/or ratified by Defendant SBWAY's directors, officers, agents, employees, or representatives while engaged in the management, direction, control, or transaction of Defendant SBWAY's business affairs.

12.     Defendant Mohammad Alkhatib (hereinafter "Alkhatib") is a resident and citizen of Illinois and currently resides at 6312 S. Spaulding Avenue, Apt. 1, Chicago, Illinois 60629.

## FACTUAL ALLEGATIONS

13.     Defendant SBWAY is an interstate commercial motor carrier operating under U.S. DOT # 2819899 and MC/MX # 940162 and is, and was at all times material herein, responsible for compliance with all applicable federal and state motor carrier safety statutes, rules, and regulations together with commonly accepted and well-known safety standards within the commercial trucking and motor carrier industry.

14.     Defendant REEM is an interstate commercial motor carrier operating under U.S. DOT #3192884 and MC/MX # 137815 and is, and was at all times material herein, responsible for compliance with all applicable federal and state motor carrier safety statutes, rules, and regulations together with commonly accepted and well-known safety standards with the commercial trucking and motor carrier industry.

15.     At all times material herein, Defendant Alkhatib was a commercial driver and was an agent, servant, employee, and/or statutory employee of Defendants SBWAY and/or REEM and was acting within the course and scope of his agency, representation, and/or employment with said Defendants.

16.     At all times material herein, Defendants SBWAY and/or REEM owned, operated, and/or maintained the subject tractor–trailer referred to in this Complaint and generally described as a 2013 Volvo Truck, VIN No. 4V4NC9EH7DN567741, Illinois License Plate No. P1009154 (hereinafter the "the Commercial Tractor-Trailer").

17.     Prior to November 20, 2019, Defendants SBWAY and/or REEM hired Defendant Alkhatib to drive and operate one of the commercial trucks they own, operate, and/or maintain and place in service around the United States and Ohio, including the subject Commercial Tractor-Trailer.

4

18.     Prior to November 20, 2019, Defendants SBWAY and/or REEM failed to properly and adequately train Defendant Alkhatib on how to operate a commercial motor vehicle in a safe manner including compliance with all applicable federal and state motor carrier rules, statutes, and regulations.

19.     On November 20, 2019, at approximately 4:55 p.m., Defendant Alkhatib was operating the Commercial Tractor-Trailer westbound on a public highway known and designated as Interstate 70 in Belmont County, Ohio. Defendant Alkhatib and was traveling westbound in the right-hand land at a speed that was too fast for the conditions.

20.     On said date and time identified above, Susan Black was traveling westbound on Interstate 70 ahead of the Commercial Tractor-Trailer and was lawfully and properly stopped in traffic due to construction. At all times material herein, Susan Black was lawfully and properly operating her vehicle and was without contributory or comparative fault.

21.     As Defendant Alkhatib approached Plaintiff's decedent, Defendant Alkhatib was traveling at a speed too fast for the conditions, failed to maintain a proper lookout, and failed to maintain control of the Commercial Tractor-Trailer when he struck from behind the vehicle being operated by Susan Black, thereby causing it to strike the rear of the truck in front of Plaintiff's decedent as depicted in the photograph below:



22.     As a direct and proximate result of the acts of Defendants as described herein, Susan

Black suffered severe and permanent injuries during her lifetime which caused her pain, suffering,

and mental anguish; a reduction in life expectancy; and property damage.

23.     As a further direct and proximate result of Defendants' actions, omissions, and

conduct, Susan Black, incurred expenses and/or sustained a permanent loss of earning capacity.

24.     As a further direct and proximate result of the actions, omissions, and conduct of

Defendant, as described herein, Susan Black was wrongfully killed on November 20, 2019 causing

injury and damages to Plaintiff and the beneficiaries of Susan Black.

25.     The omissions and conduct of Defendants as described in this Complaint

demonstrate malice or aggravated or egregious fraud, and/or Defendants knowingly authorized,

participated in, or ratified actions or omissions of their agents and/or employees that demonstrated malice or aggravated or egregious fraud and warrant the assessment of punitive damages.

26.     Plaintiff incorporates by reference each of the averments set forth in the preceding paragraphs in each Count of this Complaint.

**Count I: Negligence**
*By Plaintiff v. Defendant Alkhatib*

27.     At all times material herein, Defendant Alkhatib negligently breached his duty to exercise ordinary and reasonable care by, *inter alia*:

(a)     Failing to safely operate his vehicle;

(b)     Failing to operate his commercial truck with the full use of his mental or physical faculties, or both;

(c)     Failing to maintain a careful and proper lookout;

(d)     Failing to maintain proper control of his commercial truck;

(e)     Operating his vehicle in a reckless manner;

(f)     Operating his vehicle in a hazardous manner;

(g)     Operating his commercial truck at a speed greater than was reasonable and prudent under the circumstances and without regard to the actual and potential hazards then existing;

(h)     Operating his commercial truck at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead;

(i)     Operating the commercial truck at a speed greater than would permit him to take proper evasive action before causing a collision;

(j)     Failing to take evasive action sufficient to avoid striking Susan Black's vehicle;

(k)     Driving his commercial truck in disregard for the safety of persons or property;

(l)      Failing to know, or adhere to, or both, applicable motor carrier safety regulations, industry standards, the laws of the State of Ohio, or any combination of them;

(m)      Engaging in careless and prohibited driving;

(n)      Failing to use due care generally; and

(o)      Other acts and omissions both known and unknown to Plaintiff.

28.      The acts of Defendant Alkhatib, as alleged in this Count and in the Complaint, violated applicable motor carrier safety regulations; applicable safety and traffic laws; and other laws of the State of Ohio.

29.      As a further direct and proximate result of Defendant Alkhatib's negligence, Plaintiff's decedent, Susan Black, incurred expenses and/or sustained a permanent loss of earning capacity.

30.      As a direct and proximate result of the actions, omissions, and conduct of Defendant Alkhatib as described in this Count, Susan Black sustained injuries and damages during her life and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

**Count II: Vicarious Liability and _Respondeat Superior_**
_By Plaintiff v. Defendants SBWAY and REEM_

31.      Plaintiff incorporates the allegations within Count I of this Complaint as if they were fully set forth herein.

32.      At all times material herein, Defendant Alkhatib was an agent, apparent agent, representative, employee, and/or statutory employee of Defendant SBWAY and/or Defendant REEM and was acting within the course and scope of said agency, representation, and/or

employment. As such, Defendants SBWAY and/or REEM are vicariously liable for damages and injuries caused by the negligent and tortious acts of Defendant Alkhatib.

## Count III: Joint Venture
### By Plaintiff vs. All Defendants

33.     Plaintiff incorporates that allegations within Counts I and II in this Complaint as if they were fully set forth herein.

34.     At all times material herein, Defendants formed an agreement with the intent to associate to carry out a single business enterprise for profit, for which purpose they combined their property, money, efforts, skill, and knowledge and, as such, all Defendants are liable for the negligent acts of one another.

## Count IV: Negligence
### By Plaintiff v. Defendant REEM

35.     Plaintiff incorporates the allegations within Count I of this Complaint as if they were fully set forth herein.

36.     At all times material herein, Defendant REEM negligently breached its duty to exercise ordinary and reasonable care by, but not limited to:

    (a)     Failing to properly train Defendant Alkhatib;

    (b)     Failing to properly supervise Defendant Alkhatib;

    (c)     Failing to implement, adhere to, or both, applicable federal motor carrier safety regulations, industry standards, the laws of the State of Ohio, or any combination of them;

    (d)     Failing to use due care; and

    (e)     Other acts and/or omissions both known and unknown to Plaintiff.

37.     As a direct and proximate result of the actions, omissions, and conduct of Defendant REEM as described in this Count, Susan Black sustained injuries and damages during her life and

9

was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

<u>**Count V: Negligent Hiring and Retention**</u>
*By Plaintiff v. Defendant REEM*

38.     Plaintiff incorporates the allegations within Counts I and IV of this Complaint as if they were fully set forth herein.

39.     At all times material herein, Defendant REEM had a duty to exercise ordinary and reasonable care, which included, without limitation, the duty to use reasonable care to select an employee/statutory employee who was competent and fit to perform the duties required as an employee.

40.     Defendant REEM further had a duty to have adequate policies and procedures in place to ensure it hired qualified and competent drivers, mechanics, technicians, and safety personnel.

41.     Defendant REEM also had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained qualified and competent drivers, mechanics, technicians, and safety personnel.

42.     At all times material herein, Defendant REEM breached its duty to exercise ordinary and reasonable care by negligently hiring and retaining Defendant Alkhatib as an employee and/or statutory employee and by choosing not to have in place and/or choosing not to follow proper policies and procedures, resulting in the hiring and retaining of drivers, mechanics, technicians, and safety personnel that were neither qualified nor competent to perform the duties of driving a commercial truck.

43. At all times material herein, Defendant REEM knew, or should have known, that Defendant Alkhatib would be likely to operate a motor vehicle in a negligent and/or reckless manner.

44. At all times material herein, Defendant REEM further knew, or should have known, that Defendant Alkhatib was not competent or fit for the duties required of him as an employee and/or statutory employee.

45. As a direct and proximate result of the actions, omissions, and conduct of Defendant REEM as described in this Count, Susan Black sustained injuries and damages during her life and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

## Count VI: Negligent Entrustment
### *By Plaintiff v. Defendant REEM*

46. Plaintiff incorporates the allegations within Counts I, IV, and V of this Complaint as if they were fully set forth herein.

47. The injuries, harm, and damages suffered by Susan Black were a direct and proximate result of the negligent use of the Commercial Tractor-Trailer by Defendant Alkhatib. Upon information and belief, because of Defendant Alkhatib's inexperience and/or driving record, Defendant REEM knew, or had reason to know, that Defendant Alkhatib was likely to cause an unreasonable risk of harm to others while operating a commercial motor vehicle.

48. As the owner of the Commercial Tractor-Trailer, and/or the employer and/or statutory employer of Defendant Alkhatib, Defendant REEM had the right to permit and the power to prohibit the use of the Commercial Tractor-Trailer by Defendant Alkhatib.

11

49.     Upon information and belief, Defendant REEM knew, or had reason to know, that Defendant Alkhatib was likely to drive his truck in a negligent manner on account of his inexperience and/or driving record.

50.     Defendant REEM nevertheless negligently entrusted the Commercial Tractor-Trailer to Defendant Alkhatib.

51.     As a direct and proximate result of the actions, omissions, and conduct of Defendant REEM as described in this Count, Susan Black sustained injuries and damages during her life and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

### Count VII: Negligence
*By Plaintiff v. Defendant SBWAY*

52.     Plaintiff incorporates the allegations within Count I this Complaint as if they were fully set forth herein.

53.     At all times material herein, Defendant SBWAY negligently breached its duty to exercise ordinary and reasonable care by, but not limited to:

(a)   Failing to properly train Defendant Alkhatib;

(b)   Failing to properly supervise Defendant Alkhatib;

(c)   Failing to implement, adhere to, or both, applicable federal motor carrier safety regulations, industry standards, the laws of the State of Ohio, or any combination of them;

(d)   Failing to use due care; and

(e)   Other acts and/or omissions both known and unknown to Plaintiff.

54.     As a direct and proximate result of the actions, omissions, and conduct of Defendant SBWAY as described in this Count, Susan Black sustained injuries and damages during her life

and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

## Count VIII: Negligent Hiring and Retention
### *By Plaintiff v. Defendant SBWAY*

55.     Plaintiff incorporates the allegations within Counts I and VII of this Complaint as if they were fully set forth herein.

56.     At all times material herein, Defendant SBWAY owed a duty to exercise ordinary and reasonable care, which included, without limitation, the duty to use reasonable care to select an employee/statutory employee who was competent and fit to perform the duties required as an employee.

57.     Defendant SBWAY further had a duty to have adequate policies and procedures in place to ensure it hired qualified and competent drivers, mechanics, technicians, and safety personnel.

58.     Defendant SBWAY also had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained qualified and competent drivers, mechanics, technicians, and safety personnel.

59.     At all times material herein, Defendant SBWAY breached its duty to exercise ordinary and reasonable care by negligently hiring and retaining Defendant Alkhatib as an employee and/or statutory employee and by choosing not to have in place and/or choosing not to follow proper policies and procedures, resulting in the hiring and retaining of drivers, mechanics, technicians, and safety personnel that were neither qualified nor competent to perform the duties of driving a commercial truck.

60. At all times material herein, Defendant SBWAY knew, or should have known, that Defendant Alkhatib would be likely to operate a motor vehicle in a negligent and/or reckless manner.

61. At all times material herein, Defendant SBWAY further knew, or should have known, that Defendant Alkhatib was not competent or fit for the duties required of him as an employee and/or statutory employee.

62. As a direct and proximate result of the actions, omissions, and conduct of Defendant SBWAY as described in this Count, Susan Black sustained injuries and damages during her life and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

## Count IX: Negligent Entrustment
### By Plaintiff v. Defendant SBWAY

63. Plaintiff incorporates the allegations within Counts I, VII, and VIII of this Complaint as if they were fully set forth herein.

64. The injuries, harm, and damages suffered by Susan Black were a direct and proximate result of the negligent use of the Commercial Tractor-Trailer by Defendant Alkhatib. Upon information and belief, because of Defendant Alkhatib's inexperience and/or driving record/history, Defendant SBWAY knew, or had reason to know, that Defendant Alkhatib was likely to cause an unreasonable risk of harm to others while operating a commercial motor vehicle.

65. As the owner of the Commercial Tractor-Trailer, and/or the employer and/or statutory employer of Defendant Alkhatib, Defendant SBWAY had the right to permit and the power to prohibit the use of the Commercial Tractor-Trailer by Defendant Alkhatib.

14

66.    Upon information and belief, Defendant SBWAY knew, or had reason to know, that Defendant Alkhatib was likely to drive his truck in a negligent manner on account of his inexperience and/or driving record/history.

67.    Defendant SBWAY nevertheless negligently entrusted the Commercial Tractor-Trailer to Defendant Alkhatib.

68.    As a direct and proximate result of the actions, omissions, and conduct of Defendant SBWAY as described in this Count, Susan Black sustained injuries and damages during her life and was wrongfully killed on November 20, 2019 causing injury and damages to Plaintiff and the beneficiaries of Susan Black as set forth herein.

## Count X: Survivorship
*By Plaintiff v. All Defendants*

69.    Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein.

70.    Plaintiff brings these claims for injuries and damages sustained by Susan Black prior to her death, for the benefit of the Estate of Susan Black.

71.    As a direct and proximate result of all Defendants' negligence, Susan Black was severely and fatally injured; suffered great pain of body and mental anguish during her lifetime; incurred hospital, medical, and other related expenses; sustained a permanent loss of earning capacity; sustained property damage; and/or was otherwise injured and damaged.

## Count XI: Wrongful Death
*By Plaintiff v. All Defendants*

72.    Plaintiff incorporates the allegations within all prior paragraphs within this Complaint as if they were fully set forth herein.

15

73.     As a direct and proximate result of the tortious and wrongful actions, conduct, and omissions of Defendants as set forth above, Susan Black was wrongfully killed on November 20, 2019.

74.     As a further direct and proximate result of the tortious conduct, actions, and omissions of Defendants and the wrongful death of Susan Black, Susan Black's statutory beneficiaries and next of kin have suffered mental anguish and pecuniary and non-pecuniary losses, including loss of support, service, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.

75.     As a further direct and proximate result of the negligence of Defendants and the wrongful death of Susan Black, the Estate has incurred reasonable burial and funeral expenses.

76.     Plaintiff brings these claims for all damages caused by Defendants' acts, omissions, and/or conduct recoverable by Susan Black's beneficiaries under the Wrongful Death Act pursuant to Ohio Rev. Code § 2125.01.

## PRAYER

**WHEREFORE,** Plaintiff, Carl Black, as Administrator of the Estate of Susan Black, demands judgment against Defendants, jointly and severally, for compensatory and punitive damages in such amount as a judge and/or jury shall find, together with prejudgment and post-judgment interest and costs, and for such further relief as a court and/or jury deem just and proper. The minimum jurisdictional amount established for filing this action is satisfied, in that it exceeds $75,000.00.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

DATED: March 18, 2021        Respectfully Submitted,

**CARL BLACK, as Administrator of the Estate of Susan Black, *Plaintiff,***

By:    */s/ Clayton J. Fitzsimmons*
Clayton J. Fitzsimmons (Ohio Reg. No.0093114)
Robert P. Fitzsimmons (Ohio Reg. No. 0058859)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Ave
Wheeling, WV 26003
Phone: 304-277-1700
Fax: 304-277-1705
Email: clayton@fitzsimmonsfirm.com
Email: bob@fitzsimmonsfirm.com